331 A.2d 171
**COMMONWEALTH of Pennsylvania**
**v.**
**Steve BRONAUGH, Appellant.**

Supreme Court of Pennsylvania.
Submitted Sept. 30, 1974.
Decided Jan. 27, 1975.

Wayne S. Lipecky, Public Defender, Beaver, for appellant.

Joseph M. Stanichak, Asst. Dist. Atty., Beaver, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Appellant, Steve Bronaugh, was convicted of murder in the second degree, simple assault, aggravated assault, and recklessly endangering another person and sentenced to from eight to twenty years' imprisonment.[1]

From that judgment appellant has taken this appeal and alleges one basis for reversal. However, no is-

---

1. These crimes all arose in the context of the events surrounding the slaying of Archie Kenny. Appellate jurisdiction is based on Section 202 of the Appellate Court Jurisdiction Act of 1970, 17 P.S. § 211.202, which allows direct appeal of convictions of felonious homicide. Although proper procedure would have been to initially appeal the non-homicide convictions to the Superior Court, the Commonwealth has raised no objection to the appeal as filed. Accordingly, we can retain jurisdiction over the entire case. See Section 503 of the Appellate Court Jurisdiction Act of 1970, 17 P.S. § 211.503.

636

sues have been properly preserved for appellate review. Although an implied exception to the alleged error was taken at trial,[2] counsel for the appellant made no specific mention of the alleged error in his posttrial motions in arrest of judgment and for a new trial.

We have held that issues not preserved at each stage of review, by a specific allegation of error, are waived and subsequently cannot be raised in an appeal to this Court. *Commonwealth v. Reid,* Pa., 326 A.2d 296 (1974) (concurring *Commonwealth v. Clair,* Pa., 326 A.2d 272 (1974); *Commonwealth v. Blagman,* Pa., 326 A.2d 296 (1974) (concurring opinion); *Commonwealth v. Williams,* 458 Pa. 319, 326 A.2d 300 (1974); *Commonwealth v. Goodman,* 454 Pa. 358, 311 A.2d 652 (1973); *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972).

Judgment of sentence affirmed.

---

2. *See* Pa.R.Crim.P. 1115, 19 P.S. Appendix.