353 A.2d 430

**COMMONWEALTH of Pennsylvania**

v.

**Irving WASSERMAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 24, 1975.

Decided March 17, 1976.

432

Louis Lipschitz, Lipschitz & Danella, David Kairys, David Rudovsky, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James Garrett, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

On June 17, 1971, Irving Wasserman was arrested in Philadelphia and charged with four counts of receiving stolen goods on that day. On August 13, 1971, a preliminary hearing was held and Wasserman was held for action by the grand jury then in session and was so notified. Prior to presentment to the grand jury, a determination was made that the crimes were within the jurisdiction of the Municipal Court and thus the charges were

listed for trial in that court without being submitted to the grand jury.

Trial was first listed in the Municipal Court for November 29, 1971. Defense counsel requested a continuance and trial was rescheduled for February 18, 1972. Again defense counsel requested a continuance and trial was rescheduled for May 1, 1972. On April 25, 1972, Wasserman filed a motion to suppress certain evidence. The suppression hearing was scheduled for May 1, 1972, but was continued because defense counsel was involved in another trial. On August 7, 1972, a suppression hearing was held and the motion denied. Trial was then scheduled for September 20, 1972, but again continued to December 20, 1972, on the joint motion of the Commonwealth and defense counsel. The December 20, 1972 listing was later continued to February 16, 1973, because defense counsel was on vacation. On February 16, 1973, a continuance was granted because of the unavailability of a Commonwealth's witness. Trial was then scheduled for April 26, 1973, when defense counsel again requested a continuance. Trial was then scheduled for May 29, 1973. Another continuance was granted and trial was then scheduled for June 15, 1973. Defense counsel then informed the Commonwealth that he would be engaged in federal court on that date.

Since the statute of limitations [1] applicable was due to expire on June 17, 1973, the Commonwealth on June 15,

1. Under the statute of limitations controlling instantly, the prosecution for receiving stolen goods was barred unless an indictment was returned within two years of the commission of the crime. See Act of March 31, 1860, P.L. 427, § 77, as amended, 19 P.S. § 211. Under the new Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, 18 C.P.S.A. § 108, the filing of a complaint tolls the statute. A prosecution within the jurisdiction of the Municipal Court of Philadelphia may proceed in that court upon the complaint lodged by the magistrate and no indictment is required. As to the problem of the statute of limitations barring the prosecution of criminal charges which are within the jurisdiction of the Municipal Court of Philadelphia, see Belsky, Three Prosecutors Look at the New Pennsylvania Crimes Code, 12 Duq.L.R. 793, 802 (1974).

1973, without notice to Wasserman petitioned the Court of Common Pleas for leave to present bills of indictment to the grand jury then in session, pursuant to Pa.R. Crim.P. 224.[2] The petition was granted and without any notice to Wasserman the charges were presented to the grand jury and indictments were returned.

Subsequently, upon motion of Wasserman the indictments were quashed by the Court of Common Pleas because Wasserman had not been given notice of the presentment of the charges to the grand jury. The Commonwealth filed an appeal in the Superior Court which in a four to three decision reversed the order of the Court of Common Pleas and reinstated the indictments. We then granted allocatur.

For the reasons stated herein we reverse the order of the Superior Court and reinstate the order of the Court of Common Pleas, quashing the indictments.

■■ Initially, we note that Rule 224 does not specifically cover the instant factual situation. But Rule 224 does recognize that procedures generally required in a criminal prosecution may be altered when circumstances require. And even though the Rules of Criminal Procedure did not anticipate or provide for the present situation, we believe the Court of Common Pleas had the inherent power to authorize the immediate presentment of the charges to the grand jury in order to prevent the running of the statute of limitations. But given this, the issue still remains, may the Commonwealth in the situation here presented delay enlisting the court's authorization to make a presentment to the grand jury until the

---

**2.** Pa.R.Crim.P. 224 provides for the court to grant leave to present a bill of indictment to the grand jury without a preliminary hearing where such hearing cannot be held prior to the expiration of the statute of limitations. The Commonwealth proceeded in this manner because it thought the inability to conclude a prosecution in the Municipal Court and the inability to conduct a preliminary hearing prior to the expiration of the statute of limitations were analogous situations.

expiration of the statute of limitations is so imminent that notice of the presentment to the defendant and a challenge to the array of the grand jury is impossible.[3] We conclude not.

This Court has ruled that whenever a bill of indictment is presented to a grand jury other than that which is sitting immediately following a defendant's preliminary hearing, the defendant must be notified of the grand jury to which presentment is to be made so that he may exercise his constitutional right to challenge the array and prove one or more of the jurors should be disqualified for cause. Otherwise, due process is violated. *Commonwealth v. Collemacine*, 429 Pa. 24, 239 A.2d 296 (1968). And see, *Commonwealth v. Dessus*, 423 Pa. 177, 224 A.2d 188 (1966) and Pa.R.Crim.P. 203. Instantly, Wasserman received no such notice and was as a result deprived of his right to challenge the grand jury since the challenge must be made before presentment. Pa.R. Crim.P. 203. See and compare, *Commonwealth v. Lopinson*, 427 Pa. 284, 234 A.2d 552 (1967). Thus, unless the Commonwealth can justify this deprivation of Wasserman's right, the indictments must be quashed.

The Commonwealth offers no convincing reason for not having enlisted the power of the court to authorize presentment sufficiently prior to the running of the statute of limitations to comply with the requirement that notice of the grand jury presentment be given to a defendant. On May 29, 1973, when trial was continued until June 15, 1973, the Commonwealth knew the statute of limitations would expire if an indictment were not obtained by June 17, 1973. Instead of then enlisting the power of the court to authorize presentment and notifying Wasserman the presentment was to be made, the Commonwealth allowed trial to be listed for two days

3. Pa.R.Crim.P. 203 requires a challenge to be made prior to presentment.

prior to the expiration of the statute. Certainly on May 29, 1973, the possibility of the expiration of the statute was apparent and the power of the court to authorize presentment could have been properly exercised. Had this been done, notice, and thus the opportunity to challenge the grand jury, could have been afforded Wasserman.

The Commonwealth argues that it could not seek an indictment until Wasserman suffered a conviction and appealed therefrom in accord with Pa.R.Crim.P. 6010, or until the power of the court to authorize presentment could be properly invoked. While we agree with the Commonwealth's general statement, the power of the court could certainly have been invoked sufficiently prior to the expiration of the statute of limitations to provide notice to Wasserman and thus afford him an opportunity to exercise his constitutional right.

We need not determine if circumstances may arise which would justify the Commonwealth seeking leave to make a presentment without giving notice because the circumstances here are clearly not in this category.

The Commonwealth also asserts that Wasserman's numerous requests for continuances resulted in a waiver of his right to challenge the grand jury since his dilatory tactics prevented the Municipal Court trial from proceeding. Assuming the defendant was guilty of dilatory tactics, we see no reason to rule this constituted a waiver since it did not prevent the Commonwealth from seeking leave to make the presentment sufficiently prior to the impending bar to provide Wasserman with notice.

Finally, the Commonwealth suggests that in balancing its interest in avoiding a statute of limitations bar and Wasserman's interest in challenging the grand jury, we should engraft an exception to the requirement that a challenge to the grand jury be made, at the latest, before presentment, Pa.R.Crim.P. 203, and thus allow

438

Wasserman to challenge the grand jury after presentment was made. See *Commonwealth v. Lopinson,* supra, which allowed such a procedure prior to the adoption of Pa.R.Crim.P. 203. Such an approach is unnecessary instantly because leave to make the presentment could have been requested in sufficient time to comply with Rule 203.

Since the Commonwealth has not justified depriving Wasserman of notice and since the failure to provide notice deprived Wasserman of his constitutional right to challenge the grand jury, the indictments must be quashed. In view of this ruling, it is unnecessary for us to consider Wasserman's alternative argument, that the proceeding in which the Commonwealth was granted leave to make the presentment was improper for lack of prior notice.

The order of the Superior Court is reversed and the order of the Court of Common Pleas, quashing the indictments is reinstated.