383 A.2d 537

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Thomas HALLMAN and Robert Frame.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1977.

Decided March 6, 1978.

Bernard L. Siegel, Deputy Attorney General, Philadelphia, for Commonwealth, appellant.

Anthony D. Pirillo, Jr., Philadelphia, submitted a brief for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from the December 6, 1976, Order wherein the lower court granted appellees' motions in arrest of judgment and provided that "if the granting of the Motions in Arrest of Judgment is disturbed on appeal, it is further hereby Ordered and Decreed that the defendants' Motions for a New Trial are granted." (BIUNNO, Judge). We agree with the lower court in its decision to arrest judgment, and therefore need not consider appellees' motions for a new trial. Further, because only the failure to give prior notice to the defendants of the submitting to the indicting grand jury the charges made by the investigating grand jury served as the reason the court below arrested judgment, and that issue is preserved for our consideration, our deliberations will center upon that question.

A consideration of certain matters occurring pre-trial is necessary. A special investigating grand jury was convened in and for Philadelphia County under the supervision of Honorable Harry A. TAKIFF, Judge. This body completed its work and the Commonwealth submitted bills of indictment to the September indicting grand jury. The record

shows that this was accomplished on September 9, 1974, without notice to our appellees. On September 25, 1974, counsel for five of the named seven defendants, including counsel for Frame and Hallman, appeared before Hon. Stanley KUBACKI, Judge, to argue certain motions, one of which was to quash the indictments because the Commonwealth had given appellees no prior notice of submission of the presentment to the indicting grand jury. *Pa.R.Crim.P.* 203(c) provides that a bill of indictment shall not be submitted to a grand jury until ten days after a defendant is held for court, unless the Commonwealth shows cause (or the defendant and Commonwealth agree) for an earlier submission so that a defendant may challenge the array of the grand jury, pursuant to Rules 203(a) and (b). The Commonwealth claims that there was no need to give Rule 203(c) notice because (1): Rule 203 does not apply to the situation of presentments of a special investigating grand jury and (2) the likelihood that the defendants would flee if notice would have been given. No evidentiary hearing was held, or testimony otherwise taken or received regarding the notice.

Prior to Judge KUBACKI'S disposition of these motions which were presented and argued at the September 25, 1974, argument, the Commonwealth, on November 8, 1974, presented to the lower court a "petition for leave of court to submit bills of indictment without ten days notice." In this petition, the Commonwealth contended that no notice had been given of the September 9th submission to the indicting grand jury because Rule 203 did not apply. Nevertheless the Commonwealth, rather inconsistently, it seems, requested leave of court to submit the bills without the "ten day notice period, as provided for in Pa.R.Crim.P. 203", alleging as cause that the applicable statute of limitations would have run.[1] That day, November 8, 1974, Judge BIUNNO granted leave to submit the bills of indictment to the *November Term*, indicting grand jury. The record does not

1. The Commonwealth alleged that the statute would run on November 11, 1974, less than ten days after its request to proceed without notice, which request was being made November 8th.

show that any evidentiary hearing, or even oral argument, was held relative to this petition.

The inconsistencies of the Commonwealth's position confound us. First it submits the bills of indictment to the September indicting grand jury. Then it answers a defense motion to quash with an argument that Rule 203 does not apply, and furthermore that if they were given prior notice it is likely that these defendants would flee. No evidentiary hearing is conducted to establish the likelihood of flight. Then, before a ruling is made on the matters argued on September 25, 1974, the Commonwealth presented a petition asking leave to dispense with the notice provisions of Rule 203 for the cause alleged that the statute of limitations will run. The Commonwealth's petition was granted, again without an evidentiary hearing to prove the cause alleged. But the record reflects that no bills of indictment were submitted to the November indicting grand jury. Rather, throughout the record it appears clear that this case proceeded to trial on indictments dated September 9, 1974, out of the September Term indicting grand jury.

We must draw certain conclusions from this case's tortured procedural history. First, trial began on October 2, 1975, on the bills of indictment presented to and approved by the September Term, 1974, indicting grand jury. Second, the Commonwealth had not given to the defendants therein, two of whom are our appellees, either the ten days notice or any notice of the presentment of the bills of indictment so that they might challenge the array of the grand jury. Third, defense motions to quash indictments for this alleged error were made and argued on September 25, 1974, and denied on November 19, 1974. Fourth, no hearing was held whereby cause might have been determined to shorten or dispense with the notice. Fifth, the Order of Judge BIUNNO, dated November 8, 1974, giving leave to submit the bills to the November indicting grand jury—actually to represent the bills—was not implemented, and the September

grand jury's action stood.[2] Trial proceeded before Judge BIUNNO and a jury to verdict rendered on December 4, 1975. Defense motions in arrest of judgment and for new trial were filed and argued with the results set forth herein-above.

It is the Commonwealth's position on appeal that the mandate of Rule 203 does not apply to the situation of a special investigating grand jury's presentments being used to formulate bills of indictment which are then submitted to an indicting grand jury. While admitting that the right to challenge the array of a grand jury is of constitutional dimensions, the Commonwealth argues that Rule 203 provides a procedure for "a defendant who has been held for court" . . ., and who may challenge the array. Further, it proposes that a defendant proceeded against by a special investigating grand jury is not "held for court" in this sense until the indictment actually issues. Thus the conclusion is urged that the ten-day waiting period provided in Rule 203 does not apply to the instant situation, indeed that no part of the Rule applies, the constitutional aspect of being able to challenge the array being served by allowance of this right at any time prior to entry of a plea.

The Commonwealth is correct in arguing that Rule 203 does not literally apply to the situation of a presentment originating from a special investigating grand jury and presented to a regularly-sitting grand jury for action. Rule 203(c) "refers specifically, and only, to the action taken by the issuing authority after a preliminary hearing." *Commonwealth v. Sills*, 237 Pa.Super. 280, 289, 352 A.2d 539, 543 (1975). Notwithstanding our holding in *Sills*, we recognized the importance of actual notice to the defendant, of six or seven days' duration, to afford him an opportunity to challenge the array. In *Commonwealth v. Polof*, 248 Pa.Super. 26, 374 A.2d 1299 (1977), we reaffirmed *Sills*. It is now settled without doubt that an opportunity to challenge a

**2.** We need not consider whether the Commonwealth did in fact show "cause", as required by Rule 203(c), because the Order was not implemented.

member or the array of a grand jury must be made available to an accused before the bill of indictment is presented—even though Rule 203 does not literally apply to the situation where there is a special investigating grand jury.

█ A special investigating grand jury performs the unique function of specially addressing alleged criminality, investigating with broad scope in both subject matter and time thus differing from the investigative function of a regular grand jury. The omnibus character of the special grand jury calls out the need for close scrutiny by the court, including the appellate level. *Smith v. Gallagher*, 408 Pa. 551, 185 A.2d 135 (1962). "We deal with conflicting principles of the highest order; on the one hand the efficient administration of justice, on the other that justice be administered fairly." *Commonwealth v. Field*, 231 Pa.Super. 53, 61–62, 331 A.2d 744, 748 (1974). We will be most mindful of our constitutional protections, one of which we have held to be the right to challenge the array of the grand jury. *Commonwealth v. Polof, supra.* Our Supreme Court has held that a presentment from an investigating grand jury is constitutionally permitted as a reasonable alternative to a preliminary hearing initiated by complaint, because the rights of an accused are thoroughly protected before the special investigating grand jury. We will broach no interruption in the protection of these rights by disallowing to an accused his right to challenge the array of the grand jury, and we will not consider it sufficient that this may occur, as the Commonwealth here suggests, after the grand jury has acted and before the accused enters a plea. The error in this case, which pervaded lengthy procedural and trial stages, was that appellees who were the subjects of the special investigation grand jury, were not given notice of the presentation of the bills of indictment, flowing from the presentment, to the indicting grand jury.

Affirmed.

SPAETH, J., concurs in the result.

PRICE, J., dissents.

WATKINS, President Judge, did not participate in the consideration or decision of this case.