Commonwealth *v.* Brooks, Appellant.

Argued May 21, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Howard B. Krug,* with him *John W. Purcell,* for appellant.

*James G. Morgan, Jr.,* Deputy District Attorney, with him *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 3, 1973:

On August 12, 1970, Mrs. Ethel Mumma, sixty-seven-year-old motel owner, was robbed, beaten and shot to death. Her body was found in her apartment above her establishment the following day. During the course of a police investigation of the crime, a weapon was recovered which was traced to one Nancy Hopewell, who was living with appellant in Indianapolis, Indiana. On or about August 20, 1970, members of the Lower Paxton Township Police Department and a Pennsylvania State Policeman went to appellant's home in Indianapolis with a warrant for the arrest of Nancy Hopewell on a credit card violation, unrelated to the murder. While effecting this arrest, one officer observed bullet holes in the walls of the residence. Ac-

cordingly, on August 22, 1970, Pennsylvania law enforcement officials again went to appellant's home in Indianapolis, this time with a search warrant for the removal of the bullets in the walls. The bullets were removed and returned to Harrisburg, where they were later matched with the bullets that killed Mrs. Mumma. Later, after being arrested on a fugitive warrant for the crime of burglary, unrelated to the murder of Mrs. Mumma, and being returned to Dauphin County, appellant was formally charged with the murder of Mrs. Mumma.[1] A jury found appellant guilty of murder in the first degree. Post-trial motions were denied and appellant was sentenced to life imprisonment. This appeal followed.

Appellant's main allegations of error center around the trial conduct of the prosecuting attorney. Appellant alleges that remarks made by the district attorney during appellant's trial were so prejudicial as to deny him a fair trial, particularly when the district attorney told the jury, in his closing remarks: "I say to you, Nancy lied to you. I say to you, Wayne Brooks lied to you. . . ."

Appellant premises his argument on *Commonwealth v. Potter*, 445 Pa. 284, 287, 285 A. 2d 492 (1971), where we stated: "The prosecutor, in branding appellant's testimony as a 'malicious lie' exceeded the permissible bounds of cross-examination. Furthermore, he injected his highly prejudicial personal opinion of appellant's credibility into evidence. . . ." See also *Commonwealth v. Revty*, 448 Pa. 512, 295 A. 2d 300 (1972).

However, unlike *Potter* and *Revty*, appellant failed to object to the offensive statement of the district attorney when it was made. Since the trial judge clearly instructed the jury that they "were the sole judges of

---

[1] Appellant does not question the existence of probable cause for his arrest on the murder charge.

credibility of each and every witness who has testified" and since the offensive statement was not objected to, we do not believe that it requires reversal. However, we must again admonish prosecuting attorneys that, in the words of the ABA Standards Relating to Prosecution Function: "It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence . . . of the defendant." *Commonwealth v. Potter,* supra, at 286.

Appellant also argues that the closing remarks of the district attorney require reversal because he referred to appellant's dishonorable discharge from the army because he had been AWOL. However, the circumstances of appellant's discharge were deliberately brought out by appellant's counsel in his direct examination of appellant. Consequently, while the prosecution may be criticized for over-trying his case, we fail to see any prejudice resulting from this conduct. The fact that appellant's counsel failed to object to these remarks indicates that, at the time they were made, he too did not consider them prejudicial.

Appellant next alleges that the trial court committed error when it prohibited appellant from introducing the results of his polygraph test. We do not agree. The results of polygraph tests have never been admissible in a court of law because the scientific reliability of such tests has never been established. See *Commonwealth v. Saunders,* 386 Pa. 149, 125 A. 2d 442 (1956).

Appellant raises other allegations of error that need not concern us because appellant's counsel did not note his exception to the alleged errors at the proper time and these errors were not of a basic and fundamental nature.

Judgment of sentence affirmed.

Mr. Justice EAGEN concurs in the result.

Mr. Justice MANDERINO concurs in the result

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I concur in the result because counsel interposed no timely objections. Appellant is therefore precluded from raising the presently asserted claims of error. See, e.g., *Commonwealth v. Agie*, 449 Pa. 187, 296 A. 2d 741 (1972).

Mr. Chief Justice JONES joins in this concurring opinion.