364 A.2d 940

**COMMONWEALTH of Pennsylvania**

v.

**Raymond HUSTLER, Appellant.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

Berkowitz & Gutkin, Arthur L. Gutkin, Philadelphia, for appellant.

Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

JACOBS, Judge:

This appeal is brought from the conviction of appellant and a co-defendant, by a jury, of the rape of a 17 year old girl. In his brief to this Court, appellant raises four arguments asserting error by the lower court. We find appellant's contentions without merit and will affirm.

Appellant's first two arguments, alleging improper prejudicial statements by both a witness and the lower court judge in his charge, are not supported by the record and need not be discussed. Appellant's third assignment of error concerns the trial judge's refusal to permit the use of a written report made by the investigating detective to impeach the complaining witness. It has been held that relevant pretrial statements of witnesses must be made available to the accused upon request during the trial. *Commonwealth v. Kontos*, 442 Pa. 343, 276 A.2d 830 (1971). In the present case, a formal statement by the witness was made and transcribed shortly after the incident. This transcription was made available to the defense during the trial and was used in

the cross examination of the witness. In addition, a report was made by the investigating detective in the course of his investigation which was based on this formal statement. The detective testified, out of the hearing of the jury, that the report did not consist of verbatim notes of the witness's own words, but was only a summary of her formal statement along with notes on interviews with other individuals. As such, it cannot be considered a statement of the witness which could be properly used by the defense for cross examination, particularly when the formal statement, upon which the report was based, was already made available. *Commonwealth v. Morris*, 444 Pa. 364, 281 A.2d 851 (1971).

Finally, the appellant argues that certain statements made by the attorney for the Commonwealth were improper and prejudicial. It is well settled that in order to preserve a claim for appellate review it is necessary not only to object specifically to the error when it is made, but also to raise the objection in support of post trial motions. *Commonwealth v. Irwin*, 460 Pa. 296, 333 A.2d 735 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974). In *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), decided January 27, 1975, the Supreme Court stated that from that date Pa. R.Crim.P. 1123(a), requiring written post trial motions, would be strictly enforced. Any issues not presented in compliance with this rule were not to be considered by courts on the trial or appellate level. In those cases arising prior to the decision in *Blair*, the practice of relying on oral motions continued to be recognized by appellate courts and the issues presented therein were considered if the lower court accepted and ruled upon the motions. *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975); *Commonwealth v. Bailey*, 463 Pa. 354, 344 A.2d 869 (1975).

■ Appellant in the present case objected on numerous occasions to the prosecutor's closing remarks but filed only boilerplate motions on January 22, 1975, reserving the right to file additional motions upon receipt of the notes of testimony. Although the *Blair* decision was handed down on January 27, 1975, five days later, appellant failed to file additional motions. This in itself might be considered sufficient to hold that appellant waived his objections to the closing remarks. However, even if we should give appellant the benefit of the doubt and review those issues raised orally, and accepted and ruled upon by the lower court, we find that the only objection discussed in the court's opinion was to the prosecutor's use of the terms "immunity" and "gangbang."[1] Apparently, any objection to the prosecutor's suggestion that appellant or his witnesses had lied was not raised even in oral motions to the court below. Thus our review is limited to those objections of which there is some record. *Commonwealth v. Jones*, 460 Pa. 713, 334 A.2d 601 (1975); *Commonwealth v. Smalls*, 460 Pa. 436, 333 A.2d 853 (1975); *Commonwealth v. Polof*, 238 Pa.Super. 565, 362 A.2d 427 (1975).

■ We agree with the lower court that the comments complained of were not such that their " 'unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict.' *Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968)"; *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873, 882 (1975). The language used here was not so strong and abusive as to rise to the

1. The statements were recorded as follows: "What we are trying is the ugliness of the aspect of a gangbang . . . that was forced upon this girl and the ugliness of it, until every piece of her dignity was in shreds. And the ugliness that they can sit and believe that they can be immuned from the processes of law." "Well, the immunity, the immunity of gangsterism . . . the immunity of safety ends here upon the facts that you hear from that witness stand."

level of that hitherto found to be "clearly inclined to create prejudice or calculated to distract or mislead the jury." *Commonwealth v. Chandler*, 237 Pa.Super. 19, 346 A.2d 579 (1975). The expression "gangbang" is simply a colloquialism for the conduct of which the appellant and his co-defendant were accused and the district attorney should be expected to mention it. The reference to immunity is at worst confusing. The lower court believed the remark was mistaken for an improper comment on the right of the accused to refuse to testify. Since the appellant herein did testify, it can hardly be considered prejudicial.

Judgment of sentence affirmed.

PRICE, J., files a dissenting opinion in which HOFFMAN and CERCONE, JJ., join.

PRICE, Judge (dissenting).

Following a jury trial, appellant was found guilty of rape and criminal conspiracy. On April 9, 1975, he was sentenced to one to two years imprisonment on the conviction for criminal conspiracy and five to fifteen years imprisonment on the conviction for rape, sentences to run concurrently. I agree with appellant's contention that he was denied a fair and impartial trial, and would reverse and remand for a new trial.

Briefly, the facts indicate that at approximately 11:00 a.m. on May 8, 1974, the victim and a girl friend left high school intending to meet a boy for lunch. Instead, the girls went for a car ride with one William Wagner. Wagner also picked up appellant, and the four went to a house on Gates Street in Philadelphia. Several other males were also at the house.

While at the house, all those present drank liquor and "snorted" narcotics. The victim stated she participated because appellant had a gun and she was frightened.

After this, the victim's girl friend was beaten by Wagner, and when the victim attempted to aid her friend, she was thrown against the wall. The girls attempted to leave but were prevented by one of the males. The victim testified that a short time later, appellant and a co-defendant forced her into a storage room and there both men forcibly raped her. Another of the men also attempted to have sexual relations with the victim, but she became hysterical and he was unable to carry out his intentions.

The victim, her girl friend, appellant, and several others then drove by car to appellant's house on Clare Street. There, the victim managed to escape. A passing police officer noticed her sitting in a parking lot, crying, and stopped to investigate. The victim gave the officer Wagner's name, as well as descriptions of the two men who had raped her, and information about the Gates Street address. Several of those involved were immediately arrested and identified by the victim. The appellant was later arrested and also identified by the victim.

Unfortunately, appellant filed only boiler-plate written motions in arrest of judgment and for a new trial. However, the lower court opinion indicates that additional grounds for a new trial were alleged orally and were considered by the lower court. Although this procedure of accepting oral post-trial motions does not comply with Pa.R.Crim.P. 1123(a) and has been condemned by our supreme court in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), our supreme court has established an exception to *Blair* in *Commonwealth v. Bailey*, 463 Pa. 354, 344 A.2d 869 (1975). Where the relevant events in a case occurred before *Blair*, and where the lower court considered any additional grounds for post-trial motions which were made orally, these additional grounds will not be deemed waived. The case at bar falls under this exception.

Appellant contends that the district attorney made certain comments during his closing remarks which were so prejudicial and inflammatory as to deny him a fair and impartial trial. The district attorney stated that appellant and his witnesses had lied on the stand. The prosecutor also stated that ". . . the immunity of gangsterism—the immunity of safety ends here upon the facts that you [the jury] hear from that witness stand." (NT 636–37)

In *Commonwealth v. Potter*, 445 Pa. 284, 285 A.2d 492 (1971), our supreme court reversed a conviction where the district attorney branded the appellant's testimony a "malicious lie." The court went on to say that this ". . . injected his [the district attorney's] highly prejudicial personal opinion of appellant's credibility into evidence, thereby clearly and improperly intruding upon the jury's exclusive function of evaluating the credibility of witnesses." 445 Pa. at 287, 285 A.2d at 493. *See also Commonwealth v. Brooks*, 454 Pa. 75, 309 A.2d 732 (1973). Our courts have also held that reversible error occurred when a prosecutor referred to the defendants as "hoodlums" and "animals." *Commonwealth v. Lipscomb*, 455 Pa. 525, 317 A.2d 205 (1974).

I conclude that the instant factual situation is controlled by the above-cited cases, and I would, therefore, reverse the judgment of sentence and remand for a new trial. "[T]he prosecuting attorney enjoys an office of unusual responsibility, and . . . his trial conduct should never be vindictive or attempt in any manner to influence the jury by arousing their prejudices." *Commonwealth v. Toney*, 439 Pa. 173, 180, 266 A.2d 732, 736 (1970). The prosecutor's remarks went beyond the scope of fair play and should not be permitted.

The majority, however, would hold that the objection to the district attorney's comments that appellant and his witnesses were lying is waived. This is apparently based on the lower court's failure to specifically discuss

this point in its opinion. However, I believe such a conclusion represents an improper application of the waiver doctrine.

The lower court in its opinion states: "[d]efendant claims that the Court erred in not declaring a mistrial because of remarks by the District Attorney in closing argument." I note that the district attorney's closing remarks were transcribed and that appellant's counsel made timely objections, on the record, to the district attorney's statements. In light of the lower court's acknowledgment of the general allegations of improper remarks, I must conclude that all objections to allegedly improper comments were presented to the lower court. I cannot agree that this point was waived.

I would reverse the judgment of sentence and remand for a new trial.

HOFFMAN and CERCONE, JJ., join in this opinion.