390 A.2d 1318

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Gerard J. FIERST, Jr.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided July 12, 1978.

442

Robert L. Eberhardt, Assistant District Attorney, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellant.

John R. DeAngelis, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellee was charged with criminal attempt[1] to commit theft. He pleaded not guilty and waived jury trial. At the close of the Commonwealth's case, the lower court sustained appellee's demurrer to the evidence, and the Commonwealth has appealed.[2]

■ The lower court stated that its reason for sustaining the demurrer was that the information filed against appellee

---

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, § 901; 18 Pa.C.S. § 901 (1973).

2. Appellee's demurrer to a charge of disorderly conduct was likewise sustained. The Commonwealth has not appealed this ruling.

was incomplete in that it did not contain "a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint . . .." Pa.R.Crim.P. 225(b)(5). This was error. "Every objection to any indictment for any formal defect, apparent on the face thereof, shall be taken by demurrer, or on motion to quash such indictment, before the jury shall be sworn, and not afterward . . .." 19 P.S. § 431.[3] The defect in the information in this case was that it did not specify what kind of theft appellee was charged with attempting.[4] As this defect could have been amended, Pa.R.Crim.Pa. 229 ("The court may allow an information to be amended when there is a defect in . . . the description of the offense . . .."), appellee waived any claim based on the defect by pleading and proceeding to trial. *Commonwealth v. Brown,* 229 Pa.Super. 67, 323 A.2d 845 (1974); *Commonwealth v. Lewandowski,* 74 Pa.Super. 512 (1920).[5]

3.  Act of March 31, 1860, P.L. 427, § 11; 19 P.S. § 431 (1964). By Pa.R.Crim.P. 232, this statute applies equally to an information as to an indictment.

4.  The information alleged that appellee
    committed a criminal attempt when, with intent to commit the specific crime of *theft,* said actor did the acts of *see descriptive paragraph* which constitutes a substantial step toward the commission of the aforesaid crime, in violation of Section 901 of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. § 901.
    R. 2a.
    The "descriptive paragraph" read:
    Actor boarded a boat named the Lilly Belle, belonging to one John R. Ross and tried to start the boat which was docked at the Oakmont Boat Service docks.
    R. 4a.

5.  We do not decide the exact time before which appellee should have moved to quash the information. The cases use different language: a motion is too late if made "after the jury had been sworn and impaneled," *Commonwealth v. Brown, supra,* 229 Pa.Super. at 70, 323 A.2d at 847; "The objection to the information should . . . have been raised prior to plea entered," *Commonwealth v. Lewandowski, supra* at 515. The applicable statute requires objection "before the jury shall be sworn," 19 P.S. § 431. *But see* the form of Pa.R.Crim.P. 305 in effect that the time of this case (19 P.S. Appendix 1977) which requires that all pretrial applications for relief be

■ Although the lower court's stated reason for sustaining the demurrer was wrong, we should affirm its order if there appears a correct reason to support it. *Commonwealth v. Dancer*, 460 Pa. 95, 101 n. 5, 331 A.2d 435, 438 n. 5 (1975); *Commonwealth v. Whitehouse*, 222 Pa.Super. 127, 292 A.2d 469 (1972). In this case, the only correct reason that we can perceive would be that the Commonwealth had failed to offer sufficient evidence to prove each element of the crime charged. The evidence was, however, sufficient.

■ In the early morning of August 28, 1976, John Ross and his family were watching television aboard their houseboat, which was docked at the Oakmont Boat Service in Oakmont, Pennsylvania. Ross also owned a pusher tugboat, the *Lilly Belle,* which was docked a short distance away from his houseboat at the same marina. At about 1:30 a. m. Ross and the other members of his family heard one of the *Lilly Belle's* engines fire. The *Lilly Belle* had General Motors diesel engines, which emit a distinctive sound when fired and started; the *Lilly Belle* was the only boat at the marina so equipped. Hearing this distinctive sound, Ross's daughter ran out of the houseboat and down the dock. She saw appellee outside the pilot house on the top deck of the *Lilly Belle.* Ross, having delayed long enough to pull on his boots, followed behind his daughter, saw appellee, and shouted to him to get off. Appellee climbed down onto the dock. Ross noticed that the door of the pilot house was open, though he himself had closed it earlier in the evening, and that one of the stern mooring lines that he had earlier secured had been cast off. He also saw that appellee was holding some tools, among them a screwdriver and a pair of red-handled, side-cutting, eight-inch pliers, which Ross recognized as brand-new tools that he had recently bought.

filed no less than ten days before trial, unless there are extenuating circumstances. Under the new rules (not in effect at the time of this case) requiring an omnibus pretrial motion, the motion must be filed within thirty days after arraignment, unless there are extenuating circumstances. Pa.R.Crim.P. 307 (P.S.Cum.Supp.1978).

Whatever the appropriate time here, it was before appellee's motion at the close of the Commonwealth's case.

On appeal the proper test to apply in determining the validity of a demurrer is whether the evidence of record and the inferences reasonably drawn therefrom would support a verdict of guilty. *Commonwealth v. McDade*, 197 Pa.Super. 522, 180 A.2d 86 (1962); *Commonwealth v. Wheeler*, 200 Pa.Super. 284, 295, 189 A.2d 291 (1963). In making such determination we must read the evidence in the light most favorable to the Commonwealth's case. *Commonwealth v. Deyell*, 399 Pa. 563, 160 A.2d 448 (1969). *Commonwealth v. Green*, 210 Pa.Super. 482, 484, 233 A.2d 921, 922 (1967).

Appellee was charged with attempt, the elements of which are intent to commit a specific crime, and any act that constitutes a substantial step toward the commission of that crime. The Crimes Code, *supra* n. 1; 18 Pa.C.S. § 901. The testimony reviewed above would support a finding that appellee intended to steal the *Lilly Belle*,[6] and that in entering the pilot house, starting the engines, and casting off one of the mooring lines, appellee had taken substantial steps to that end.

The order of the lower court is vacated, and the case remanded for trial.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

**6.** *See* 18 Pa.C.S. § 3921(a) (theft of movable property by unlawful taking or disposition); 18 Pa.C.S. § 3928 (unauthorized use of automobiles and other vehicles [defined to include a motorboat]).