423 A.2d 407

COMMONWEALTH of Pennsylvania

v.

Terrance Lorenzo BRYANT, Appellant.

Superior Court of Pennsylvania.

Submitted April 16, 1980.

Filed Dec. 5, 1980.

602

Paulette J. Balogh, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

PER CURIAM:

Terrance Lorenzo Bryant, the appellant, was indicted on five counts of robbery, four counts of theft by unlawful taking, five counts of aggravated assault and one count of criminal conspiracy. Appellant pleaded not guilty and waived jury trial. In a non–jury trial before Honorable Samuel Strauss, he was found guilty of four counts of robbery, three counts of theft by unlawful taking, four counts of aggravated assault, and the one count of conspiracy. Appellant was sentenced to not less than two and not more than four years for each of the four counts of robbery; these sentences were to run consecutively. Sentence was suspended on the remaining counts.

The relevant facts of the crimes are as follows:

On the evening of March 6, 1978, two armed, black males forcibly entered an apartment located in the North Side section of the City of Pittsburgh. At that time, the apartment was occupied by five individuals, Richard Sayers, Kevin McCallister, John Piatrantonia,–the three lessees–as well as Karen Steffy, and Jean Daley, visitors. The intruders demanded drugs and money, threatened the occupants with harm if neither were forthcoming, and emphasized their intent by physically assaulting the victims. Money and other valuables belonging to four of the five persons present were taken, the exception being Ms. Steffy.

At trial, Ms. Daley, Ms. Steffy, Mr. Sayers and Mr. McCallister identified Mr. Bryant as one of the assailants. They all described him as a black man with platted hair, wearing a navy blue pea coat and a blue demin hat. Three of them testified to being put through a photographic identification procedure and having picked Mr. Bryant's picture from police files. Two of them had picked appellant out of a line–up. Mr. Piatrantonia did not testify at trial, resulting in the counts against Mr. Bryant involving him being dropped. The defense presented was an alibi, several witnesses testifying that appellant was at home at the time of the robbery.

Initially, appellant argues that the evidence presented at trial was insufficient to prove his identity as one of the perpetrators of the offenses for which he was convicted. In evaluating the sufficiency of this evidence, all evidence, direct or circumstantial, must be read in a light most favorable to the Commonwealth, and the Commonwealth must be given the benefit of all reasonable inferences arising therefrom. *Commonwealth v. Burns*, 409 Pa. 619, 187 A.2d 552 (1963), *Commonwealth v. Chasten*, 443 Pa. 29, 275 A.2d 305 (1971).

██ The evidence compiled by the Commonwealth to establish Mr. Bryant's identity as one of the perpetrators is more than sufficient. The crimes in question took place over a twenty to thirty minute period, and during this time, the perpetrators were in close proximity to the victims, often under good lighting. The four victims who were present as witnesses at trial made in–court identifications of the appellant as one of the robbers; each remained positive of their identification following cross–examination. The Pennsylvania Supreme Court in *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820, cert. denied 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688, stated:

> "Where the opportunity for positive identification is good and the witness is positive in his identification and his identification is not weakened by prior failure to identify but remains, even after cross–examination, positive and unqualified, the testimony as to identification need not be reviewed with caution–indeed the cases say that 'his [positive] testimony as to identity may be treated as the statement of a fact.'" Citations omitted. Id., 378 Pa. at 424, 106 A.2d at 826.

As the victims had a good opportunity to observe the perpetrators and each remained steadfast in his courtroom identification, the in–court identifications must be taken as statements of fact under the rule of *Commonwealth v. Kloiber*, supra. The previous opportunities to identify were offered in the forms of the description given to the police, a photographic identification, and a line–up. The descriptions given

to the police were of a fairly detailed nature, with little diversion between them except for the fact that each witness was more cognizant of certain details than were his fellows; these descriptions, then, are not such as would contradict and weaken the in–court identification. Three of the victims, Sayers, Daley, and McCallister, made pre–trial photographic identification, and each picked the photograph of the appellant and identified him as one of the robbers. Two of the witnesses at trial, Daley and McCallister, also picked the appellant out of a line–up while the other two victims who testified at trial did not participate. These facts sufficiently substantiate the Commonwealth's case.[1]

Secondly, appellant argues that the evidence was insufficient to prove beyond a reasonable doubt that a robbery was perpetrated against Ms. Steffy. However, the evidence is more than sufficient to sustain the conviction under the robbery statute.

■ Appellant was convicted under 18 Pa.C.S.A. § 3701(a)(1)(ii) which states that a person is guilty of robbery if, "in the course of committing a theft, he . . . threatens another with or intentionally puts him in fear of serious bodily injury." "An act shall be deemed in the course of committing a theft if it occurs in an attempt to commit theft. . . ." 18 Pa.C.S.A. § 3701(a)(2). A criminal attempt exists when a person with intent to commit a crime does any act which constitutes a substantial step toward the commission of that crime. 18 Pa.C.S.A. § 901(a). See also, *Commonwealth v. Fierst*, 257 Pa.Super. 440, 390 A.2d 1318 (1978).

■ Appellant does not dispute the trial court's finding of an explicit or implicit threat of serious bodily injury made to Ms. Steffy; he contends only that he did not attempt a theft of her property. Hence, the issue on appeal is whether or not the evidence was sufficient to prove an intent to commit

1. We do not reach appellant's contention that the pre–trial photographic identification session was overly suggestive, and, consequently, tainted the in–court identification as appellant failed to properly preserve the issue for appellate review by specifically including it in the post–verdict motions. See Pa.R.Crim.P. 1123(a); *Commonwealth v. Hustler*, 243 Pa.Super. 200, 364 A.2d 940 (1976).

a theft of Ms. Steffy's property and a substantial step toward achieving that end. We believe the facts of the case reveal each of those elements.

The necessary intent is shown in the appellant's words and actions during the events in question. Following appellant's forced entry to the apartment, and the corralling of its occupants into one of the bedrooms, appellant stated that if he and his accomplice didn't "get some stuff out of this place . . . [there would be] some dead honkies laying around." He then proceeded to search the apartment and collected several items without regard to whom the owner of the property was. As Ms. Steffy was present in the apartment at the time of the robbery, appellant might reasonably have expected that some of the articles present in the apartment might belong to her. One may reasonably infer from these words and actions appellant's intent to take any attractive property belonging to Ms. Steffy which he might happen upon.

▆ The requirement of a substantial step is satisfied by the forcible entry to the apartment and the subsequent search. As each of the requisite elements of an attempt to commit theft is present, and the trial court's finding of a threat of serious bodily harm unchallenged, we find that the Commonwealth has met its burden of proof under the statute and the conviction for robbery must stand.

Finally, appellant advances the argument that the evidence was insufficient as a matter of law to sustain convictions for aggravated assault against Richard Sayers, Karen Steffy, and Jean Daley. Aggravated assault occurs when a person:

"attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1).

As the record contains no evidence whatsoever of serious bodily injury to any of the victims, to sustain the convictions, we would have to find sufficient evidence of an attempt to cause such harm.

We must agree with the appellant that the evidence falls short of supporting his convictions of aggravated assault. An examination of the record for proof of an attempt to cause serious bodily injury is likewise unsuccessful. The nature of harm which appellant must have attempted to cause in an aggravated assault has been defined in 18 Pa.C.S.A. § 2301 as:

[b]odily injury which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

The testimony reveals that Richard Sayers was handcuffed, poked in the side of his head with a gun, laid on the ground, and kicked once. Karen Steffy was forced at gunpoint into a room and thrown to the ground. Jean Daley was sitting in a chair throughout the robbery with a gun aimed at her head.

After reviewing the record, we are led to the conclusion that appellant's actions do not even evidence an attempt to inflict serious bodily injuries upon any of the victims. One isolated kick does not reflect an intent to cause permanent disfigurement nor does it create a substantial risk of death. *Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978). Likewise, the act of throwing someone to the ground is insufficient evidence of an intent to commit serious bodily injury as defined above. As to the charge of aggravated assault against Jean Daley, the Commonwealth concedes the charge is baseless, and an examination of the record corroborates this.

This is not to say that appellant's actions against the victims are without legal consequence. A person is guilty of assault if he

"(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.

(2) negligently causes bodily injury to another with a deadly weapon, or

(3) attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S.A. § 2701.

Clearly, kicking and pointing at Richard Sayers with a firearm, was sufficient evidence of an attempt by the appellant to cause bodily harm and to put the victim in fear of imminent serious bodily injury. Likewise, the crime of assault was completed as to Karen Steffy when she was thrown to the ground by the appellant. We therefore modify appellant's convictions of aggravated assault upon Richard Sayers and Karen Steffy to simple assaults.[2] See *Commonwealth v. Alexander,* supra. Since sentence was suspended on these counts of aggravated assault, we see no need to remand for resentencing on the lesser crime. See *Commonwealth v. Guenzer,* 255 Pa.Super. 587, 389 A.2d 133 (1978), *Commonwealth v. Portalatin,* 223 Pa.Super. 33, 297 A.2d 144 (1972).

Appellant also committed an assault upon Jean Daley by threatening her with a firearm. However, for sentencing purposes, we are compelled to consider this count merged with the robbery charge against this victim. The two victims above were not only threatened in the course of the robbery, but they were also subject to additional attacks by appellant when they were kicked or thrown to the ground. Consequently, the criminal acts with respect to those victims, were separate and distinct acts, warranting separate punishments. *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A.2d 920 (1941), *Commonwealth v. Olsen,* 247 Pa.Super. 513, 372 A.2d 1207 (1977). However, appellant did not touch or injure Ms. Daley; rather, she remained in the same chair where she sat when appellant burst into the apartment. There are no additional facts with which to support the assault charge other than those facts which substantiated the robbery charge as to this victim, i. e., threatening her with a gun in the course of committing a theft. *Commonwealth v. Guenzer,* supra.

2. We take this action pursuant to 42 Pa.C.S.A. § 706.
Disposition of Appeals:
"An appellate court may affirm, modify, vacate, set aside, or reverse any order brought before it for review." Act of July 9, 1976. P.L. 586, No. 142, § 2, eff. June 27, 1978, 42 Pa.C.S.A. § 706.

■ While one unlawful act may constitute more than one crime, appellant cannot be punished twice for the same act. *Commonwealth v. Cox*, 209 Pa.Super. 457, 228 A.2d 30 (1967). Thus, although we can sustain appellant's convictions on both robbery and simple assault, we can only sentence appellant on one count. We therefore modify appellant's conviction of aggravated assault upon Jean Daley to simple assault and vacate the suspended sentence as to that conviction.

Three counts of aggravated assault, specifically count three (3), count six (6), and count fourteen (14), are modified to simple assault, with sentence vacated as to count three. All other convictions and sentences affirmed.

PRICE, J., files a concurring and dissenting statement.

PRICE, Judge, concurring and dissenting:

I would affirm the judgments of sentence on all counts except count three (3). I specifically dissent to the modification of counts six (6) and fourteen (14).