432 A.2d 1120

**COMMONWEALTH of Pennsylvania**

v.

**Charles F. MARTIN, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1981.

Filed July 24, 1981.

Anthony W. DeBernardo, Jr., Greensburg, for appellant.

Gregory A. Olson, Assistant District Attorney, Indiana, for Commonwealth, appellee.

Before BROSKY, DiSALLE and SHERTZ, JJ.

PER CURIAM:

Appellant, Charles Martin, was charged with, convicted by a jury of, and sentenced for the crimes of aggravated assault, 18 Pa.C.S.A. § 2702, and recklessly endangering another person, 18 Pa.C.S.A. § 2705. He appeals his convictions contending that his trial counsel was ineffective for failing to object or move for a mistrial when a Commonwealth witness testified that the appellant had said he would not take a lie detector test. We agree.

In *Commonwealth v. Kemp*, 270 Pa.Super. 7, 11, 410 A.2d 870, 871 (1979) our court held that "[w]hen the reference [to a lie detector test] is elicited by the prosecution...a curative instruction will be of no value." The failure of appellant's counsel to object to the witness' testimony cannot possibly be considered to have "had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel.*

*Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349, 352 (1967). Appellant's counsel, therefore, was ineffective.[1]

Judgment of sentence vacated and a new trial ordered.

---

1. Because of our disposition of this issue, we will not address appellant's other contentions.