J. S18036/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
         v.   :
  :
STEVEN T. DULIK, JR.,   :   No. 1549 WDA 2017
  :
         Appellant   :


Appeal from the Judgment of Sentence, July 17, 2017,
in the Court of Common Pleas of Greene County
Criminal Division at No. CP-30-CR-0000367-2016


BEFORE: STABILE, J., MUSMANNO, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 23, 2018**

      Steven T. Dulik, Jr., appeals the judgment of sentence[1] in which the

Court of Common Pleas of Greene County sentenced him to serve an

aggregate term of 40 months to 14 years for his convictions for aggravated

assault – use of a deadly weapon, firearms not to be carried without a

license, terroristic threats, simple assault, recklessly endangering another

---

[1] Although appellant purports to appeal from the September 27, 2017 order that denied his post-sentence motions, the appeal properly lies with the judgment of sentence dated July 17, 2017. ***See Commonwealth v. W.H.M., Jr.***, 932 A.2d 155, 158 n.1 (Pa.Super. 2007). ("An appeal from an order denying a post-trial motion is procedurally improper because a direct appeal in a criminal proceeding lies from the judgment of sentence. . . . Therefore, this appeal properly lies from the judgment of sentence and not from any post-trial order." (citation omitted)). We have amended the caption accordingly.

person, harassment, and disorderly conduct.[2]  After careful review, we affirm.

The record reflects that on October 25, 2016, appellant went to Dry Tavern Auto Sales ("DTAS") in Dry Tavern, Pennsylvania, to see his estranged wife, Danielle Dulik ("Mrs. Dulik"), who was an employee of DTAS. (Notes of testimony, 5/19/17 at 19-20.)  Mrs. Dulik was surprised to see appellant appear there and told him, "There's nothing to talk about. Everything needs to be through lawyers from this point forward."  (*Id.* at 29.)[3]  Appellant wanted Mrs. Dulik to go outside and talk with him. Mrs. Dulik's co-worker, Joseph Milliken ("Milliken"), agreed to watch the two-year-old daughter of appellant and Mrs. Dulik.  (*Id.* at 31.)  At trial, Mrs. Dulik explained the situation:

> I was like, "I don't want to go talk.  There is nothing to talk about."  He insisted that we talk.  He threw his arm around my neck, like side grabbed me rather, like side to side.  He tried to drag me through the sidewalk that leads to the driveway.  I tripped over the little ledge, like there's a gap between the sidewalk and the driveway.  He still proceeded to drag me and take me.  The only way that I could get away from his grip was to throw myself out of my hoodie.  I got away from him by basically coming out of my hoodie and running.

*Id.* at 32.

---

[2]  18 Pa.C.S.A. §§ 2702(a)(4), 6106(a)(1), 2706, 2701(a)(3), 2705, 2709(a)(1), and 5503(a)(4), respectively.

[3] Appellant and Mrs. Dulik had two children together.  At the time of the incident, Mrs. Dulik had recently filed for custody of the children.

After Mrs. Dulik escaped from her sweatshirt, she felt appellant's arm come around her neck. He twisted and turned her around in a chokehold. She felt the barrel of a gun against the side of her forehead. (*Id.* at 33.) Mrs. Dulik reported that she was "trying to yell" to Milliken to call 911. Appellant told Milliken that if he called 911, he would kill Mrs. Dulik. Milliken tripped appellant, which caused Mrs. Dulik to break free. She ran across the street to Morris Tire. (*Id.* at 35.) Appellant then drove away. (*Id.* at 37.) On cross-examination, Mrs. Dulik testified that she saw the gun in appellant's hand when Milliken tripped him.

Milliken testified that he was cleaning a vehicle at DTAS on October 25, 2016, when appellant appeared. (*Id.* at 72.) Milliken corroborated much of Mrs. Dulik's testimony. Milliken testified that when he tripped appellant, he saw a gun in appellant's right hand. (*Id.* at 77.) Milliken did not see appellant point a gun at Mrs. Dulik's head. (*Id.* at 90.)

Andrew A. Morris, III, part owner of Morris Tire Service, which was located across the street from DTAS, testified that when he looked across the street after he heard the commotion from the altercation between appellant and Mrs. Dulik, he saw that appellant had a "silver weapon" pointed in Mrs. Dulik's direction. (*Id.* at 99.) On cross-examination, he reiterated that he saw the weapon pointed toward Mrs. Dulik "as plain as day." (*Id.* at 106-107.)

After the Commonwealth rested, appellant moved for acquittal on all charges on the basis that the Commonwealth failed to meet its burden of proof. The trial court granted the motion with respect to the charges against appellant for making terroristic threats against Milliken and denied it with respect to all other charges.

After the jury returned guilty verdicts, the trial court imposed the sentence described above on July 17, 2017.

On July 20, 2017, appellant filed post-sentence motions and alleged that the verdict was against the weight of the evidence with respect to the aggravated assault conviction and that the evidence was insufficient. By order dated September 27, 2017, the trial court denied the post-sentence motions. On October 20, 2017, appellant filed a notice of appeal. On October 30, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant complied with the order on November 20, 2017. On November 30, 2017, the trial court issued its opinion in compliance with Pa.R.A.P. 1925(a).

Appellant raises the following issues for this court's review:

I. Was the verdict, as it pertains to the conviction of aggravated assault – attempted bodily injury with a deadly weapon, against the weight of the evidence?

II. Was the verdict, as it pertains to the conviction of aggravated assault – attempted bodily injury with a deadly weapon, against the sufficiency of the evidence?

Appellant's brief at 3 (capitalization omitted).

Initially, we will address appellant's sufficiency argument.[4] Appellant contends that the Commonwealth did not present sufficient evidence to establish that appellant committed the crime of aggravated assault – attempted bodily injury with a deadly weapon.

> In reviewing the sufficiency of the evidence, we view all evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the fact-finder] to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to a crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."
>
> Moreover, when reviewing the sufficiency of the evidence, the Court may not substitute its judgment for that of the fact finder; if the record contains support for the convictions, they may not be disturbed.

**Commonwealth v. Stokes**, 78 A.3d 644, 649 (Pa.Super. 2013), **appeal denied**, 89 A.3d 661 (Pa. 2014) (citations omitted).

> Moreover, when applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

---

[4] We have foregone the sequence of appellant's arguments.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa.Super. 2011) (citations omitted), *appeal dismissed*, 54 A.3d 22 (Pa. 2012).

Aggravated assault with a deadly weapon is defined in the Crimes Code as follows: "**Offense defined.--**A person is guilty of aggravated assault if he: . . . . (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa.C.S.A. § 2702(a)(4).

Appellant admits that a deadly weapon was used in the incident. Appellant also asserts that Mrs. Dulik did not suffer a bodily injury. "A bodily injury" is defined as an impairment of physical condition or substantial pain. 18 Pa.C.S.A. § 2301. The Commonwealth concedes that appellant did not suffer a bodily injury. Appellant contends that the Commonwealth did not provide sufficient evidence to show that appellant attempted to cause bodily injury to Mrs. Dulik.

"A person commits an attempt when with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). An intent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct, or attendant circumstances. *Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa.Super. 2013) (*en banc*) (internal citations omitted).

Appellant argues that because he did not fire the gun or use the gun as a blunt weapon against Mrs. Dulik, this court must focus on his words.

While both Mrs. Dulik and Milliken testified that appellant threatened to kill Mrs. Dulik if Milliken called 911, appellant argues that those words did not allow the fact-finder to infer that appellant possessed the intent to cause injury. Rather, appellant characterizes these words as an implied conditional threat, *e.g.*, if you call 911, then I will kill her. Appellant asserts that a conditional threat is insufficient to prove aggravated assault. For support, appellant cites to *Commonwealth v. Bryant*, 423 A.2d 407, 410-411 (Pa.Super. 1980). In *Bryant*, Terrance Lorenzo Bryant successfully appealed his convictions for aggravated assault where Richard Sayers was handcuffed, poked in the side of his head with a gun, laid on the ground, and kicked once. Karen Steffy was forced at gunpoint into a room and thrown to the ground. Jean Daley was sitting in a chair throughout the robbery with a gun aimed at her head. This court determined that in none of these situations was there an attempt to inflict serious bodily injury on the victims as necessary for aggravated assault at 18 Pa.C.S.A. § 2702(a)(1).

However, more recently, in *Fortune*, this court addressed a similar factual situation. In *Fortune*, the victim was on her way to work and stopped at a gas station. When she got out of her car, Aziz Fortune ("Fortune") asked her if she had a cigarette. The victim said that she did not smoke. Fortune then walked away. After the victim finished pumping her gas, Fortune walked up to her and pointed a gun at the middle of her forehead. Fortune told her to give him the car keys or he would shoot her.

The victim complied with the request and ran away. Fortune took the car, which was later recovered nearby. Fortune was convicted of aggravated assault and robbery of a motor vehicle and sentenced to an aggregate term of six to twelve years' imprisonment. Fortune appealed to this court. *Id.* at 981-982.

On appeal, Fortune contended that the evidence was insufficient to convict him of aggravated assault, as his conditional threat did not indicate an intent to injure. Initially, this court reversed the conviction and sentence for aggravated assault and remanded for resentencing on a robbery conviction. This court then withdrew the opinion and granted a hearing *en banc*. *Id.* at 983. The victim did not suffer a serious bodily injury as required under 18 Pa.C.S.A. § 2702(a)(1), so the Commonwealth had to establish that there was an attempt. *Id.* at 985.

This court affirmed the judgment of sentence and determined that pointing the gun at the victim constituted an attempt to cause serious bodily injury with a deadly weapon. This court also concluded that there was sufficient evidence from which the jury could have concluded that Fortune took a substantial step toward inflicting serious bodily injury, when he pointed a gun at the victim's head, threatened to kill her, and only did not shoot because the victim ran away. Further, this court concluded that there was sufficient evidence for the jury to conclude that Fortune possessed the requisite intent to cause a serious bodily injury to the victim when he

threatened to "blow her head off." Based on the totality of the circumstances, this court concluded that Fortune's sufficiency claim must fail. *Id.* at 986-987.

Although **Fortune** did not address the same subsection of the Crimes Code as is before the court here, it is instructive. Both Milliken and Mrs. Dulik testified that appellant clearly threatened to kill Mrs. Dulik if Milliken called 911. Shortly, before the threat, Mrs. Dulik testified that she felt the barrel of a gun against the side of her forehead. (Notes of testimony, 5/19/17 at 33.) Both Milliken and Mrs. Dulik testified that the gun was in view once Milliken tripped appellant. Morris testified that appellant pointed a gun at Mrs. Dulik. Here, the Commonwealth presented evidence that appellant threatened to kill Mrs. Dulik presumably with the gun he pointed at her and that appellant attempted to forcibly drag Mrs. Dulik to his vehicle with gun in hand. Based on the totality of the circumstances, the jury could reasonably conclude that appellant took a substantial step toward causing bodily injury with his firearm.

Appellant contends that the verdict as to the conviction of aggravated assault – attempted injury with a deadly weapon was against the weight of the evidence.

> [T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of

> the finder of fact . . . thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence, . . . rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> ***Commonwealth v. Kim***, 888 A.2d 847, 851 (Pa.Super. 2005) (citations and quotations omitted). A motion for a new trial based on a challenge to the weight of the evidence concedes the evidence was sufficient to support the verdict. ***Commonwealth v. Davis***, 799 A.2d 860, 865 (Pa.Super. 2002).

***Commonwealth v. Jarowecki***, 923 A.2d 425, 433 (Pa.Super. 2007).

Appellant contends that the trial court abused its discretion when it determined that the verdict was not against the weight of the evidence. Appellant concedes that he had a firearm on his person, but he argues that the evidence at trial did not reveal that he ever used the firearm in any way during the incident. Appellant reiterates that possessing a firearm does not mean that a person was using it in an attempt to cause bodily injury to another.

The record reflects that Mrs. Dulik, Milliken, and Morris all testified that they saw appellant with a pistol. Mrs. Dulik testified that she felt the gun against her head. Milliken saw the gun in appellant's hand after Milliken tripped him. Morris testified that he saw appellant pointing the gun at

Mrs. Dulik. While there were some differences in their testimony regarding the size and color of the gun, they all testified that they saw it. Appellant ignores the testimony of Morris and Milliken in his attempt to argue that the verdict shocks one's sense of justice. Our review of the record supports our conclusion that the trial court properly exercised its discretion in denying appellant's weight claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/2018