J-S15021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RICHARD WAYNE ROSE JR. :
:
Appellant : No. 817 WDA 2024

Appeal from the Judgment of Sentence Entered May 6, 2024
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000154-2023

BEFORE: OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: March 10, 2026**

Richard Wayne Rose Jr. ("Rose") appeals the judgment of sentence following his conviction of endangering welfare of children ("EWOC") and simple assault.[1] We vacate the stay of our decision and affirm the judgment of sentence.

On February 1, 2023, Rose's daughter, B., told staff at her school that Rose had beaten her brother, E., the night before; staff at E.'s middle school then examined E. and saw bruising and wounds on the boy's face and body indicative of a beating. **See** N.T., 3/27/24, at 28, 40-44, 147-48. When interviewed, E. said Rose hit him ten to twelve times with a belt the night before, and punched him two or three times in the face, and that Rose had a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 4304(a), (b)(1), 2701.

practice of beating him and B., which B. confirmed. *See id*. at 46-49, 110-12, 144. E. later reported Rose had told him before beating him that he planned to draw blood, and in fact drew so much blood E.'s sheets had to be changed. *See id*. at 73. From her bedroom, B. heard the beating and what was to her the familiar sound of the swinging of Rose's metal belt during a beating. *See id*. at 105-07.

Asked if he had struck his son ten to twelve times, Rose responded that it wasn't true – he only struck E. five or six times. He then claimed B. and E. inflicted the wounds on E. while on the school bus. *See id*. at 49-51.

A week later (and at trial), E. described the beating and Rose's prior physical abuse of him to an employee of the Clearfield County Child Advocacy Center. On prior occasions, E. testified, Rose forced him to run 26 consecutive laps of a baseball field in summer heat, and forced him to produce a handwritten copy of a 100-page textbook. *See id*. at 55-64, 75, 115-16, 142-48, 151, 155-56, 171-74.

As a result of Rose's beating, which was so painful E. had to sleep on his stomach, E. and B. were removed from Rose's home. *See id*. at 70-73. E. and B. also reported Rose forced them to stay in their rooms for long periods of time on previous occasions, and made them seek Rose's permission to use the bathroom or take a shower. *See id*. at 75-76.

At trial, a jury convicted Rose of the above-listed charges. The court later imposed a sentence of eight to sixteen months of imprisonment for EWOC

with four years of concurrent probation, and a concurrent term of six months to two years minus one day of probation[2] for simple assault; the court also imposed a no-contact order until E. reached the age of 17. **See** N.T., 5/6/24, at 13-14. Following an extension of time to file post-sentence motions, and the denial of those motions, Rose timely appealed. Rose and the trial court complied with Pa.R.A.P. 1925.[3]

On appeal, Rose presents the following issue for our review:

[] Whether the [trial] court erred in sentencing [Rose] to separate sentences for the same offense, with both sentences being served at the same time, as opposed to split and consecutive?

**See** Rose's Brief at 4.[4]

_____

[2] Rose does not raise concerns regarding a discrepancy between the sentencing transcript and the sentencing order, issued four days after the hearing, which indicates Rose's sentence for simple assault was six months to two years minus one day of **incarceration**, not probation. **See** Sentencing Order, 5/10/24, at 2 (unnumbered). We do not raise issues for parties *sua sponte*.

[3] This Court stayed this appeal pending *en banc* decision in **Commonwealth v. Jennings**, 1128 EDA 2024, to consider whether the imposition of a sentence of probation concurrent to a sentence of incarceration constituted an illegal sentence. **See** Order, 817 WDA 2024, 8/8/25, at 1 (hereinafter, "stay order"). As discussed, *infra*, this Court has filed a published opinion in **Jennings** and holds that a trial court may impose concurrent terms of imprisonment and probation. Therefore, we vacate the stay order.

[4] We note with disapproval that the Commonwealth did not file a brief in this case.

Rose asserts the lower court erred by imposing separate sentences for a single count of EWOC, namely, incarceration and a concurrent term of probation. *See* Rose's Brief at 12-13. He asserts that such a sentence constitutes two punishments for the same act. *See id*. at 13, citing *Commonwealth v. Bryant*, 423 A.2d 407, 411 (Pa. Super. 1980).

The trial court stated that pursuant to 42 Pa.C.S.A. § 9721, a sentencing court has discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time.

42 Pa.C.S.A. § 9721, Sentencing generally, provides:

**(a) General rule.—**In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select **one or more** of the following alternatives, and **may impose the consecutively or concurrently**:

   (1) An order of probation.

   (2) A determination of guilt without further penalty.

   (3) Partial confinement.

   (4) Total confinement.

   (5) A fine.

42 Pa.C.S.A. § 9721 (emphasis supplied). The plain language of the sentencing statute, therefore, permits a court to select "one or more" alternatives and to impose them "consecutively or concurrently."

Further, this Court *en banc* recently rejected a claim a defendant received an illegal sentence because his probationary sentence for one of a series of crimes was imposed to run concurrently with a term of imprisonment

- 4 -

for another.  *See Commonwealth v. Jennings*, --- A.3d ---, ---, 2026 WL 194389 (Pa. Super., filed January 14, 2026) (*en banc*).  In *Jennings*, this Court explicitly rejected a claim a court may not impose a probationary term to run concurrently with a term of incarceration and declared, "We hold, to the contrary, that the language of 42 Pa.C.S.A. § 9721(a) (sentencing generally) clearly and unambiguously permits trial courts to impose concurrent terms of probation and total confinement."  *Id*. --- A.3d ---, ---, 2026 WL 194389 at *1.  *See id*. at *7, *12.[5]

Thus, the trial court's selection of a term of imprisonment and concurrent probation in this case complies with the sentencing statute's plain language and this Court's recent interpretation of that statutory language.

Stay vacated.  Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/10/2026

---

[5] *Commonwealth v. Bryant*, 423 A.2d 407 (Pa. 1980), cited by Rose, is inapposite.  Rose was not punished twice for the same act; he received one sentence that included a term of incarceration and a partially concurrent term of probation.